UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN JOHN KARES,

        Plaintiff,              Case No. 1:15-cv-972

v.                                    Honorable Janet T. Neff

KENNETH McKEE et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant McKee. The Court will serve the complaint against Defendants Anderson, Crandall, Darnell, Birch, Kowatch and Martin.

**Discussion**

    I.    Factual allegations

Plaintiff Steven John Kares presently is incarcerated with the Michigan Department of Corrections at the Bellamy Creek Correctional Facility (IBC). He sues the following IBC officials: Warden Kenneth McKee; Assistant Resident Unit Supervisor Wayne Anderson; and Corrections Officers (unknown) Crandall, (unknown) Darnell, (unknown) Birch, (unknown) Kowatch and (unknown) Martin.

Plaintiff alleges that he was assigned to Housing Unit 5 at IBC, and his assigned cellmate was Paul Allison. On September 3, 2013, Plaintiff advised Defendant Crandell that he was having problems with his cellmate. Defendant Crandell also was aware that prisoner Allison had been placed in the unit for disciplinary reasons. Nevertheless, Crandell took no action to separate the inmates.

On September 4, 2013, Plaintiff spoke to Defendant Anderson, telling Anderson that inmate Allison had threatened Plaintiff. Anderson responded that no cell move could be made, because there were no openings.

Plaintiff approached Defendants Darnell and Birch on the morning of September 5, 2013, as Plaintiff was returning from the morning medication line. Plaintiff told Darnell and Birch that inmate Allison had threatened him. Darnell told Plaintiff that he did not have time to deal with the issue at that point and that he would speak to Allison later, if he had time.

Later on September 5, 2013, Plaintiff spoke with Defendant Kowatch, asking if Defendant Anderson could speak with him. Plaintiff explained that inmate Allison and he were having serious problems and that one of them needed to be moved. Kowatch went to speak with

Anderson. When he returned, Kowatch told Plaintiff that Anderson did not have time to see Plaintiff and that, if it came to more than words, Anderson would deal with it. Kowatch himself took no action to address the situation.

When Plaintiff returned from his work assignment that afternoon, he realized that inmate Allison had packed Plaintiff's belongings. On his way to the shower, Plaintiff stopped to see Defendant Martin, who was in the control bubble. Plaintiff told Martin that Allison had packed Plaintiff's things and that he believed Allison was up to something. Defendant Martin told Plaintiff to shower and return to his cell. Inmate Allison assaulted Plaintiff as soon as Plaintiff arrived at his cell, striking Plaintiff repeatedly in the head and face with a combination lock.

Plaintiff contends that Defendant McKee was aware that a number of inmates had been assaulted by other inmates in Unit 5, despite having reported risks of harm to unit staff. McKee acknowledged during a Level-4 Warden's Forum meeting that he was aware that Unit 5 staff had failed to properly address some conflicts between cellmates.

Plaintiff contends that all Defendants failed to protect him from assault, in violation of the Eighth Amendment. As a result of the assault, Plaintiff suffered a four to five-inch gash on the top of his head, a severe black eye, and a bruised cheek bone. He now has a scar on the top of his head and suffers from light-sensitivity in his left eye, the need for a corrective lens for vision, and daily migraine headaches. He seeks compensatory damages and other appropriate relief.

    II.    <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While

a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendant McKee, other than his claim that, at some point in time, McKee was aware that some inmates had been assaulted

-4-

by their cellmates and that Unit-5 officers had not responded adequately to prisoner complaints about problems. Plaintiff does not allege that McKee was aware of any specific risk caused by Defendant Allison. Instead, Plaintiff suggests that Defendant McKee is liable for the actions of his subordinates because he knew that officers on other occasions had not correctly performed their jobs.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant McKee engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against him.

### III. Motion to Appoint Counsel

Also before the Court is Plaintiff's motion to appoint counsel. Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir.

1993).  The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur- Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05; *see Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances.  In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel.  *See Lavado*, 992 F.2d at 606.  The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position.  Plaintiff's request for appointment of counsel (ECF No. 4) is therefore DENIED.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant McKee will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants Anderson, Crandall, Darnell, Birch, Kowatch and Martin.  The Court also will deny Plaintiff's motion to appoint counsel.

An Order consistent with this Opinion will be entered.


Dated:  November 13, 2015          /s/ Janet T. Neff
                                    Janet T. Neff
                                    United States District Judge